IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM MORRIS RISBY, #31495-077, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1906-N | |
| § | | |
| UNITED STATES OF AMERICA, et al., § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case was referred for pre-trial management.

### I. BACKGROUND

Plaintiff, a federal prisoner incarcerated at FCI Fort Worth, filed this *pro se* "Petition for Writ of Execution" against the "United States of America et al. Federal Corporation United States Dept. of State 2201 C. Street N.W. Washington D.C. Debtors etc." (Doc. #1 at 1.) Plaintiff seeks leave to proceed *in forma pauperis*. The court did not issue process pending preliminary screening.

In 1998, Plaintiff was convicted in this Court of multiple counts of embezzlement, bribery, and money laundering, and was sentenced to 97 month imprisonment. *See United States v. Risby*, 3:98-CR-94-H (N.D. Tex. 1998) (Sanders, J.), *aff'd*, 211 F.3d 124 (5th Cir. 2000) (Table). In 2002, he was convicted of conspiracy to commit mail fraud and mail fraud, and this Court sentenced him to 78 month imprisonment to run consecutive to the undischarged term of imprisonment in No. 3:98-CR-94-H. *See United States v. Risby*, 3:00-CR-442 (N.D. Tex. 2002) (Buchmeyer, J.), *aff'd*, 115 Fed. Appx. 694 (5th Cir. Nov. 12, 2004) (unpublished *per curiam*),

*vacated*, 125 S. Ct. 1872 (2005), *affirmance reinstated*, 170 Fed. Appx. 354 (5th Cir. Mar. 15, 2006) (unpublished *per curiam*).

On September 22, 2010, Plaintiff submitted a two-page "Petition for Writ of Execution" (hereinafter referred to as "complaint"), along with 34 pages of documents and pleadings. (Doc. #1.) The complaint requests the court to issue a "writ of execution on all persons, parties, and organizations of the two attached commercial judgments." (Doc. #1 at 1.) Plaintiff avers that "all parties involved are in violation of numerous rules, regulations, laws, and criminal statutes." (*Id.*) Contrary to his allegations, the attachments to the complaint do not include the "commercial judgments" to which he refers. There are, however, four attachments to the complaint: two entitled "Acknowledgment Notice[s]" (filed with the State of Arkansas, Business and Commercial Services), and two UCC Financing Statements (filed with the Arkansas Secretary of State). (Doc. #1 at 3-12.)

The "Acknowledgment Notice[s]" list seventy-six individuals and entities that possibly were involved either directly or indirectly in Plaintiff's criminal prosecutions and subsequent cases in this and other courts. (*Id.* 3-7 and 10-12.) Specifically, Plaintiff names the United States District Court for the Northern District of Texas and the United States Court of Appeals for the Fifth Circuit, as well as numerous judges, prosecutors, defense attorneys, probation officers, news organizations, school districts, and magazines. (*Id.*)

The first UCC Financing Statement attached to the complaint alleges "verified actual and constructive notice of default . . . for cases 3:98-CR-094-H and 3:00-CR-442-1," whereas the second UCC Financing Statement alleges that this court and the Fifth Circuit Court of Appeals "violated 18 U.S.C. § § 1503 and 1621, [and committed] Obstruction of Justice with perjury of

Oath of Office, 'Which there is no immunity for,' as well as 18 U.S.C. § 1001(a)." (*Id* at 7-9 and 12-13.) The second UCC Financing Statement also asserts that the courts ignored an order of the Supreme Court in No. 04-9060, and violated "Public Policy HJR 192," the "Sovereign Immunity Act of October 21, 1976," the Uniform Commercial Code, and "11 U.S.C.S. [sic] § 101 (50) & (51) Security Agreements and Security Interest." (*Id.* at 1213) According to Plaintiff, "[the court and the participants thereof have chosen to purposefully violate law, public policy, and the Constitution to keep [him] . . . falsely imprisoned." (*Id.*) As a result, he purports to request his release from custody. (*Id.*) He also requests that "[e]ach of the named debtors . . . pay $1,600,000.00 . . . per day from July 16, 2006, until the release date of . . ." his confinement. (*Id.* at 12-13.)

## II. ANALYSIS

A. <u>Prior Warnings and Sanctions</u>

A nationwide search of cases filed by Plaintiff since 2002 reflects that he filed six prior civil actions in this Court and the United States Court of Federal Claims (excluding motions to vacate sentence under 28 U.S.C. § 2255), fifteen appeals in the United States Court of Appeals for the Fifth Circuit, and numerous involuntary petitions and miscellaneous documents (docketed as a single case) in the United States bankruptcy courts for the Eastern and Western Districts of Arkansas. Although Plaintiff has not accrued "three strikes" under 28 U.S.C. § 1915(g), a close review of the above cases establishes that he was sanctioned on two prior occasions for filing frivolous actions and other baseless pleadings against individuals and entities who were directly or indirectly involved in his criminal prosecution just as in this case.

The court takes judicial notice of the following cases and sanction orders.

3

In 2007 Plaintiff filed three actions in the Federal Court of Claims. The first action alleged false imprisonment and various torts committed against him by individuals and the United States. *See Risby v. United States*, Fed. Cl. No. 07-153C (Fed. Cl. April 6, 2007). The Federal Court of Claims dismissed the action *sua sponte* for lack of subject matter jurisdiction and directed Plaintiff to stop filing frivolous claims in federal court. *Id.*[1]

Shortly after filing the first action, Plaintiff filed two cases in the Federal Court of Claims. *See Risby v. United States*, 2007 WL 5173625, at 1 (Fed. Cl. 2007) (unpublished). In each of the subsequent cases, he sought an order from the court requiring correction of his prison records, his release from federal custody, and in the third case, money damages for false imprisonment. *Id.* On September 19, 2007, the Federal Court of Claims dismissed the second and third cases for lack of subject matter jurisdiction and for failure to state a proper claim, and ordered the court clerk to refuse to "accept any future complaints or pleadings from Plaintiff without his first obtaining leave of Court." *Id.* at 3-6.

In December 2007, Plaintiff submitted 74 involuntary petitions and other miscellaneous documents to the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas. *In re Risby,* 2008 WL 116701, at 1 (Bankr. E.D. Ark. 2008). He named (as in the attachments to the complaint in this case) miscellaneous individuals, certain federal officials (including judges and prosecutors), and federal entities (including a federal district court, in toto and a federal appeals court, in toto ), as well as television channels and a Texas school district. *Id.* The miscellaneous documents included, as in this case, a number of financial documents, such as UCC Financing

---

[1] A summary of the claims and disposition of Plaintiff's first case is available in the Federal Court of Claims' decision dismissing the second and third case. *See Risby v. United States*, 2007 WL 5173625, at 2 and 5-6 (Fed. Cl. 2007) (unpublished).

4

Statements, some of which were filed with the Arkansas Secretary of State. *Id.* In the UCC Financing Statements Plaintiff alleged *inter alia* "that the appellate court, along with the U.S. District Court for the Northern District of Texas, violated numerous federal laws 'and the participants thereof have chosen to purposefully violated [sic] Law, Public Policy, and the Constitution to keep William M. Risby falsely imprisoned.'" *Id.* On January 7, 2008, the Bankruptcy Court directed the clerk to reject and not docket any of Plaintiff's submissions. *Id.* at 5. The Court then barred Plaintiff from filing any involuntary petitions "unless pre-approved by a Judge of th[at] Court." *Id.*

In addition to the above sanctions, the court takes judicial notice of orders issued in a civil case which Plaintiff filed in this court. *See Risby v. United States*, 3:04cv1414-H (N.D. Tex. Nov. 21, 2006). In the dismissal order, the court warned Plaintiff that the "continued filing of frivolous, 'Republic of Texas'- style documents, particularly those with implied threats of filing "commercial liens" against officers of the court, will subject him to sanctions, including summary striking of the documents by the clerk." *Id.*, Nov. 21, 2006 Ord. (Doc. #48 at n.1 p. 1) (Sanders, J.). Shortly thereafter, the court struck documents submitted by Plaintiff in violation of the prior order. *Id.* (Nov. 28, 2006 Ord., Doc. # 50). The court also directed the clerk "to reject any future submissions of a similar nature not recognized by the Federal Rules of Civil Procedure, and to return them to Plaintiff unfiled." *Id.*

In light of Plaintiff's repeated filing of frivolous litigation against individuals and entities directly or indirectly involved in his federal criminal prosecutions, the court concludes that the sanction orders from the Federal Court of Claims and the Bankruptcy Court in Arkansas should be upheld. *Cf. Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (approving district

court's policy of honoring sanction order of another district court where prisoner had long history of involvement in frivolous litigation); Miscellaneous Order No. 48 (N.D. Tex. Nov. 15, 1993) (permitting Northern District of Texas to enforce sanctions imposed by another federal court in Texas against Texas Department of Criminal Justice inmates).

Accordingly, because Plaintiff did not seek and obtain leave of court to file the complaint in this case, the Court should order it stricken. Even if the Court were to treat the complaint as request for leave to file it, the court should deny such leave because Plaintiff's complaint, as set out more fully below, is patently frivolous.

B. <u>Frivolous Complaint</u>

Because Plaintiff seeks leave to proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327. In *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Although Plaintiff's complaint is difficult to understand, the court liberally construes it

with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under the most liberal construction, Plaintiff's request "for writ of execution on all persons, parties, and organizations" listed on "commercial judgments" is factually baseless.  His allegations regarding "commercial judgments" against federal courts, judges, prosecutors, defense attorneys, and news organizations describe fantastic or delusional scenarios, which "rise to the level of the irrational or the wholly incredible.  *Denton*, 504 U.S. at 33.  Accordingly, the complaint should be dismissed as factually frivolous.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the sanction orders from the Federal Court of Claims and the United States Bankruptcy Court for the Eastern District of Arkansas be **EXTENDED** to this case, and that the complaint and motion to proceed *in forma pauperis* (Doc. #1 and #2) be **STRICKEN** because Plaintiff failed to seek leave to file them in accordance with the above orders.  Even construing the complaint as requesting leave to file it, the court should deny such leave because Plaintiff's complaint is patently frivolous.

It is further recommended that the complaint be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that Plaintiff be **PROHIBITED** from filing any civil action in this court unless he has obtained permission through a proper motion for leave to file. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED on October 4, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), commonly known as the "three-strikes" provision, provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE